**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ocean Network Express PTE Limited, | No. CV-24-01470-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| By Rodocker LLC, et al., | |
| Defendants. | |

Plaintiff Ocean Network Express PTE Limited agreed to transport goods for defendant By Rodocker, LLC ("Rodocker"). After Rodocker failed to pay Ocean for its services, Ocean filed this suit. Rodocker did not appear, its default was entered, and Ocean now seeks default judgment.

The court must consider seven factors when deciding whether to enter default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The seven factors are:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.*

### 1. Possible Prejudice to Ocean

The first factor regarding the prejudice to Ocean weighs in favor of default judgment because if "default judgment is not granted, [Ocean] will likely be without other recourse

for recovery." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### 2. **Merits of the Claim and Sufficiency of the Complaint**

The second and third factors involve the merits of the claim and the sufficiency of the complaint. These factors "are often analyzed together and require courts to consider whether a plaintiff has state[d] a claim on which [it] may recover." *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019).

According to Ocean, the court has jurisdiction pursuant to 28 U.S.C. § 1333 because this is a "civil case of . . . maritime jurisdiction"). That jurisdiction extends to disputes involving "maritime contracts," such as contracts with the "primary objective" of "accomplish[ing] the transportation of goods by sea." *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 24 (2004). Ocean alleges it entered into a maritime contract with Rodocker where Ocean agreed to "transport [Rodocker's] goods via ocean freight." (Doc. 1 at 2.) Ocean transported those goods and Rodocker "fail[ed] to pay the costs of carriage of the ocean freight." (Doc. 1 at 3.) Ocean has established "the requisite elements of offer, acceptance, and consideration" to establish a valid contract and has also alleged a breach of that contract. *Clevo Co. v. Hecny Transp., Inc.*, 715 F.3d 1189, 1194 (9th Cir. 2013).

The allegations in the complaint, accepted as true, establish a meritorious claim for breach of a maritime contract. The factors regarding the merits of the claim and the sufficiency of the complaint support entry of default judgment.

### 3. **Amount in Controversy**

The fourth factor "requires that the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct." *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). Here, Ocean is seeking an award of $49,998.95. (Doc. 12 at 6.) That is the exact amount reflected in Ocean's "statement of account" showing the services it provided. (Doc. 1 at 29-30.) The amount in controversy is directly tied to the services provided and this factor supports entry of default judgment.

### 4. Dispute Over Material Facts

The fifth factor is whether there are any disputes over material facts. Rodocker's failure to participate means there is no indication of any dispute regarding material facts. This factor weighs in favor of default judgment.

### 5. Excusable Neglect

The sixth factor looks to whether Rodocker's behavior might be due to excusable neglect. Rodocker was properly served but never appeared.[1] There is no reason to believe Rodocker's behavior is due to excusable neglect. *See Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (defendants' failure to respond to complaint could not "be attributable to excusable neglect" because "[a]ll were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion."). This factor supports entry of default judgment.

### 6. Policy Favoring Decisions on the Merits

The seventh factor recognizes a preference for resolving matters on their merits. This factor, as always, weighs against entry of default judgment. "However, the mere existence of Fed.R.Civ.P. 55(b) indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (quotation marks and citation omitted). Rodocker's failure to respond to the original complaint indicates it would be "impractical, if not impossible," to reach the merits. *Id.* Thus, this factor weighs against default judgment, but it is not sufficient to preclude its entry.

### 7. Default Judgment is Merited

Almost all of the factors support entry of default judgment and default judgment is appropriate. The only remaining issue is the amount of damages.

### 8. Damages

The burden is on Ocean to prove the amount of its damages. *Blumenthal Distrib., Inc. v. Comoch Inc.*, 652 F. Supp. 3d 1117, 1131 (C.D. Cal. 2023). Ocean filed a copy of the bill of lading as well as a copy of the "statement of account" indicating the amount

---

[1] Rodocker is a limited liability company and service was accomplished under A.R.S. § 29-3119(B)(3).

owed by Rodocker for Ocean's services. Ocean seeks only the amount reflected in that paperwork. Ocean is entitled to the full amount.

Accordingly,

**IT IS ORDERED** the Motion for Default Judgment (Doc. 12) is **GRANTED**. The Clerk of Court shall enter judgment in the amount of $49,998.95 in favor of plaintiff and against defendant and close this case.

**IT IS FURTHER ORDERED** plaintiff may apply for an award of attorneys' fees consistent with the timing and procedures of Local Rule 54.2.

Dated this 19th day of March, 2025.


Honorable Krissa M. Lanham
United States District Judge